ABRAMS | FENSTERMAN, LLP
ATTORNEYS AT LAW

White Plains
81 Main Street, Suite 400
White Plains, NY 10601
914.607.7010 | P

Long Island · Brooklyn · White Plains · Rochester · Albany

October 4, 2023

Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

      Re:    *Byas v. Yonkers Public Schools*, Case No. 7:23-cv-08437-KMK

Dear Judge Karas:

      This firm represents defendant Yonkers Public Schools ("defendant") in the above-referenced action, which was commenced by plaintiff Paulette Byas ("plaintiff"), a teacher employed in defendant's school district, in New York State Supreme Court, then removed by defendant to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 based on federal question jurisdiction under 28 U.S.C. § 1331. For the reasons set forth below, defendant anticipates filing a motion to dismiss the complaint, dated June 15, 2023 ("Complaint"), pursuant to Fed. R. Civ. P. 12(b)(6) and requests a pre-motion conference.

      The Complaint alleges one claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") for race discrimination, based on theories of hostile work environment, retaliation, and disparate treatment. Complaint at ¶ 157. Dismissal of the Complaint is warranted because: (1) plaintiff's Title VII claim is time-barred; and (2) the Complaint fails to sufficiently allege a race-based Title VII claim under any of the proffered theories.

### Plaintiff's Title VII Claim is Time-Barred

      A person seeking to bring a Title VII claim must commence a civil action "not more than 90 days after receipt of a right-to-sue letter from the [Equal Employment Opportunity Commission ("EEOC")]." *Dawes v. City Univ. of N.Y.*, 193 F. App'x 59, 60 (2d Cir. 2006); *see* 42 U.S.C. § 2000e-5(f)(1). Accordingly, a Title VII action that is filed more than 90 days after the receipt of a right-to-sue-letter from the EEOC should be dismissed. *See Ko v. JP Morgan Chase Bank, N.A.*, 730 F. App'x 62, 63-65 (2d Cir. 2018); *Dawes*, 193 F. App'x at 60-61; *Skibinski v. Zevnik, Horton, Guibord, McGovern, Palmer & Fogani, LLP*, 57 F. App'x 900, 901 (2d Cir. 2003); *Webster v. Potter*, 746 F. Supp. 2d 635, 639-640 (S.D.N.Y. 2010).

      Here, the EEOC issued its right-to-sue letter on January 23, 2023, but plaintiff did not file the Complaint until nearly six months later, on June 15, 2023, which is beyond the 90-day limit. Although the Complaint alleges, without any proof, that plaintiff filed the Complaint within 90 days of receiving the EEOC's right-to-sue letter, Complaint at ¶ 4, that bald allegation is insufficient to rebut the presumption that a party has received a right-to-sue letter within three



days. *See Johnson v. St. Barnabas Nursing Home*, 368 F. App'x 246, 248 (2d Cir. 2010) ("Absent sufficient evidence to the contrary, it is presumed that a plaintiff received his or her right to sue letter three days after its mailing . . . . Here, [plaintiff]'s unsupported allegation that she received her EEOC right-to-sue letter on November 14, 2007, was not sufficient to rebut the applicable three-day presumption of receipt"). Accordingly, plaintiff's Title VII claim is time-barred and should be dismissed. *See Ko*, 730 F. App'x at 63-65; *Dawes*, 193 F. App'x at 60-61; *Skibinski*, 57 F. App'x at 901; *Webster*, 746 F. Supp. 2d at 639-640.

### The Complaint Fails to Sufficiently Allege a Claim for Hostile Work Environment

To plead a claim for hostile work environment, a complaint must allege, among other things, that the defendant's conduct "was objectively severe or pervasive." *Alvarado v. Mount Pleasant Cottage School District*, 404 F. Supp. 3d 763, 780 (S.D.N.Y. 2019) (internal quotation marks omitted). The Complaint fails to satisfy that requirement.

The only allegations in the Complaint that conceivably purport to demonstrate a hostile work environment are: (1) there was a single instance, on an unspecified date, where a student referred to plaintiff using a racial slur and told plaintiff to "watch herself," and defendant took no action against the student; and (2) in June 2022, students wrote unspecified "threatening things" to plaintiff, and defendant took no action against the students. Complaint at ¶¶ 47-50.

Those allegations, at most, present two "isolated and sporadic" incidents over the course of several years that are insufficient to establish that the alleged hostile work environment was "pervasive." *Alvarado v. Mount Pleasant Cottage Sch. Dist.*, 404 F. Supp. 763, 781 (S.D.N.Y. 2019) ("Simply put, the frequency Defendants' conduct over the course of a year is insufficient to establish the pervasive pattern of discrimination necessary to constitute a hostile work environment under Title VII"); *see, e.g.*, *Martin v. City Univ. of N.Y.*, No. 17 Civ. 6791 (KPF), 2018 WL 6510805, *8-9, *12 (S.D.N.Y. Dec. 11, 2018) (four race-related comments during a one-year span did not establish a hostile-work-environment claim); *Lessambo v. PricewaterhouseCoopers, L.P.*, No. 08 Civ. 6272 (WHP), 2010 WL 3958787, *11 (S.D.N.Y. Sept. 27, 2010) (three offensive remarks in a one-month period did not support a hostile-work-environment claim); *Stepheny v. Brooklyn Hebrew Sch. for Special Children*, 356 F. Supp. 2d 248, 264 (E.D.N.Y. 2005) (utterance of a racial remark five times over a five-month period did not support a hostile-work-environment claim). And the allegation regarding a student using a racial slur on one occasion, although tasteless and ignorant, is not "severe" enough to "meet the requisite standard for a Title VII claim." *Alvarado*, 404 F. Supp. at 782; *see Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) ("mere utterance of an . . . epithet which engenders offensive feelings in an employee does not sufficiently affect the conditions of employment to implicate Title VII" (internal brackets, citation, and quotation marks omitted)); *Schwapp v. Town of Avon*, 118 F.3d 106, 110-111 (2d Cir. 1997) ("For racist comments, slurs, and jokes to constitute a hostile work environment, there must be "more than a few isolated incidents of racial enmity" (internal quotation marks omitted)).

### The Complaint Fails to Sufficiently Allege a Claim for Retaliation

To plead a retaliation claim, a plaintiff must allege that (1) the defendant "discriminated" or "took adverse employment action" against the plaintiff, (2) because the plaintiff "opposed an[] unlawful employment practice." *Shi v. New York Dep't of State, Div. of Licensing Servs.*, 393 F.



Supp. 3d 329, 337 (S.D.N.Y. 2019) (internal quotation marks omitted). But the Complaint fails to sufficiently allege either of those elements.

The Complaint alleges that the purported adverse action taken against plaintiff stems from plaintiff sending an email to the principal of her school, one of defendant's employees, in which she "express[ed] heartfelt concerns" about the principal "using Ms. Fanek to undermine and marginalize Mr. Haughton" and "how it was affecting the cohesiveness and team spirit of the Science Department and how these actions could jeopardize student access." Complaint at ¶ 11.[1] That allegation fails to sufficiently allege that plaintiff engaged in "protected activity," however, because the email, as described in the Complaint, is devoid of anything that would have allowed defendant to understand, or reasonably understand, that plaintiff's concern "was directed at conduct prohibited by Title VII," such as any mention of race. *See Livingston v. City of N.Y.*, 563 F. Supp. 3d 201, 247 (S.D.N.Y. 2021) ("An employee's complaint may qualify as protected activity where . . . the employer understood, or could reasonably have understood, that the employee's opposition was directed at conduct prohibited by Title VII . . . . [Informal] complaints must be sufficiently specific to make it clear that the employee is complaining about conduct prohibited by Title VII" (internal brackets and quotation marks omitted)).

Even assuming, *arguendo*, that the Complaint's allegation regarding the email established that plaintiff engaged in "protected activity," the Complaint fails to sufficiently allege that defendant "took adverse employment action" against plaintiff. *Shi*, 393 F. Supp. 3d at 337 (internal quotation marks omitted). First, the Complaint asserts that plaintiff's schedule was changed in a way that made her job more difficult and that plaintiff was assigned difficult students. Complaint at ¶¶ 14-23, 38-39, 43, 45. But "[t]he assignment of a challenging workload is 'not sufficiently adverse to support either a discrimination or a retaliation claim.'" *Shi*, 393 F. Supp. 3d at 338, quoting *Osby v. City of N.Y.*, 748 F. App'x 375, 378 (2d Cir. 2018). Second, the Complaint asserts that defendant's employees were "hostile and disrespectful" to Plaintiff, walked past Plaintiff "without speaking" to her, "isolated" Plaintiff, and did not give Plaintiff "public recognition for her accomplishments." Complaint at ¶¶ 25, 32, 40-41. Not only are these the type of "conclusory allegations" that "lack the factual specificity necessary to raise a right to relief above the speculative level," but these allegations amount to nothing more than instances of "simple lack of good manners" that do "not rise to the level of an adverse employment action." *Shi*, 393 F. Supp. 3d at 338-339 (internal quotation marks omitted). Third, the Complaint asserts that Plaintiff was excluded from certain meetings and subjected to a sporadic evaluation schedule. Complaint at ¶¶ 33-35. These are nothing more than "'petty slight[s] or minor annoyance[s]' that do[] not rise to the level of an adverse action." *Shi*, 393 F. Supp. 3d at 339, quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Fourth, the Complaint asserts that defendant deprived plaintiff of certain resources, including electronics and other equipment, such as a laptop. Complaint at ¶¶ 28, 36, 42, 44, 46. Although those resources may be "desirable," the "failure to provide the desired equipment to plaintiff does not constitute an adverse employment action" because plaintiff's job as a teacher "can be performed without [them]." *Lam v. N.Y.C. Dep't of Educ.*, 18 Civ. 2756 (PGG), 2019 WL 2327655, *11 (S.D.N.Y. May 30, 2019); *see Panayiotou v. N.Y.C. Dep't of Educ.*, 18-cv-06522 (AMD) (SMG), 2019 WL 2453438, *3 n. 4 (E.D.N.Y. June

---

[1] The Complaint asserts that the email is attached thereto, Complaint at ¶ 11, but it is not.

12, 2019) ("A denial of school supplies is unlikely to constitute an adverse employment action"). Fifth, the Complaint alleges that plaintiff "was not offered any training." Complaint at ¶ 37. The failure to *offer* training does not constitute an adverse employment action; rather, a plaintiff must sufficiently allege that he or she sought and was *denied* training, and that he or she suffered material harm from the denial, such as a failure to promote—neither of which are alleged in the Complaint. *See Zoulas v. N.Y.C. Dep't of Educ.*, 400 F. Supp. 3d 25, 55 (S.D.N.Y. 2019) ("The denial of professional training opportunities may constitute an adverse employment action, but only where an employee can show material harm from the denial" (internal quotation marks omitted)); *Trachtenberg v. N.Y.C. Dep't of Educ.*, 937 F. Supp. 2d 460, 468 (S.D.N.Y. 2013) ("[Plaintiff] has not alleged any negative consequences resulting from the alleged denial of professional training, and therefore any such denial does not rise to the level of an adverse employment action"). Sixth, the Complaint alleges that other teachers received "more favorable treatment" regarding "COVID-related time-off." Complaint at ¶ 26. But bald claims of favoritism, lacking specific factual allegations demonstrating that the favoritism was race-based, are insufficient to establish retaliatory adverse action. *See Brand v. New Rochelle City Sch. Dist.*, No. 19-CV-7263 (CS), 2022 WL 671077, *16 (S.D.N.Y. Mar. 7, 2022) ("In short, the actions of which Plaintiff complains are the petty slights—criticism, favoritism, snubbing— that exist in many workplaces and do not collectively amount to retaliatory adverse action"); *Delgado v. Triborough Bridge & Tunnel Auth.*, 485 F. Supp. 2d 453, 463 (S.D.N.Y. 2007) ("to demonstrate that employees not in her protected group were favored, [plaintiff] must plead facts showing she was similarly situated in all material respects to the individuals with whom she seeks to compare herself").

### The Complaint Fails to Sufficiently Allege a Claim for Disparate Treatment

To plead a claim for disparate treatment, a plaintiff must allege, among other things, that he or she "suffered an adverse employment action," and that "the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 151 (2d Cir. 2012), *cert. denied* 569 U.S. 904 (2013). The Complaint fails to sufficiently allege either of those elements.

As discussed, the Complaint fails to allege that plaintiff suffered an adverse employment action for purposes of her retaliation claim. In turn, the Complaint also fails to sufficiently allege that plaintiff suffered an adverse employment action for purposes of her disparate-treatment claim because the scope of what constitutes an adverse employment action for a disparate-treatment claim is more stringent than that for a retaliation claim. *See Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010) ("[I]t is now clear that Title VII's anti-discrimination and anti-retaliation provisions are not coterminous; anti-retaliation protection is broader") (internal quotation marks omitted). Moreover, the Complaint fails to provide the necessary support for the proposition that defendant's actions—which are non-actionable for the reasons discussed—were motivated by discriminatory intent, because the Complaint contains only "conclusory assertions of discrimination based on race." *Pattanayak v. Mastercard Inc.*, 22-1411, 2023 WL 2358826, *2 (2d Cir. Mar. 6, 2023).

\* \* \*



For these reasons, defendant requests that a pre-motion conference be scheduled or that it be granted permission to file a motion to dismiss. We thank the Court for its consideration of this letter.

Respectfully submitted,

Joanna M. Topping

cc (via ECF):

Stewart Lee Karlin, Esq.
Stewart Lee Karlin Law Group, P.C.
*Attorneys for Plaintiff Paulette Byas*
111 John Street, 22nd Floor
New York, New York 10038
(212) 792-9670
slk@stewartkarlin.com